# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ANTONIO BROWNER,

    Plaintiff,

v.

LISA FOUNTAIN; BIBB COUNTY SUPERIOR COURTS; COMMISSIONER HOMER BRYSON; WARDEN DOUG WILLIAMS; STATE BOARD OF PARDON AND PAROLES,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-91

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Telfair State Prison in Helena, Georgia, has submitted a Complaint while he was housed at Smith State Prison in Glennville, Georgia, regarding his conviction in the Superior Court of Bibb County, Georgia. (Doc. 1.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim and **CLOSE** this case. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

## BACKGROUND

In his Complaint, Plaintiff contends that the named Defendants have violated his constitutional rights stemming from his conviction obtained in the Bibb County Superior Court.

---

[1] Though Plaintiff named the Bibb County Superior Courts as a Defendant in this case, that Defendant does not appear on the docket of the case. The Clerk of Court is **DIRECTED** to amend the docket to add this Defendant.

(Doc. 1.)[2] He maintains that his conviction was unlawful and unconstitutional. He further contends that, by detaining him in connection with that unlawful conviction, Defendants have committed acts of fraud and violated the Fifth, Eighth, Eleventh, and Fourteenth Amendments to the United States Constitution and Georgia law. Id. As a remedy, Plaintiff requests, among other things, compensatory damages, punitive damages, and injunctive relief. (Id. at p. 6.)

## DISCUSSION

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R.

---

[2] Plaintiff has filed similar claims in other actions before this Court, which this Court has already dismissed for the same reasons I recommend dismissal herein. See Order, Browner v. G.D.C. Offender Administration, No. 6:15-cv-121 (S.D. Ga. Dec. 18, 2015), ECF No. 8.

2

Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the dismissal of the Complaint.

I. **Heck v. Humphrey and Rooker-Feldman**

Plaintiff's Complaint centers on his prior conviction in Bibb County Superior Court. However, the Complaint indicates that his conviction has not been reversed, expunged, invalidated, called into question by a federal court's issuance of the writ of habeas corpus, or otherwise overturned. (Doc. 1.) Consequently, this Court is precluded from reviewing his claims by the decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding was terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

4

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487. Although Heck involved a claim brought under 42 U.S.C. § 1983 for money damages, Heck's holding has been extended to claims seeking declaratory or injunctive relief as well as money damages. See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

"Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement." Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011) *report and*

*recommendation adopted by,* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09–cv–324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by Heck's favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court)); Domotor v. Wennet, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because the plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); St. Germain v. Isenhower, 98 F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by Heck ); see also Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013) *report and recommendation adopted by*, No. CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by*, No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Plaintiff has not shown that his conviction or sentence has been favorably terminated. Quite the contrary, Plaintiff's chief complaint is that the conviction and sentence have not been reversed, and that he is still being detained due to that conviction. (Doc. 1.) Accordingly, Plaintiff's claims are unquestionably precluded by the Heck decision.

Additional grounds support dismissal of Plaintiff's claims. Pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Plaintiff's claims which essentially seek

review of a state-court criminal conviction against him. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, No. 15-10470, 2015 WL 5751756, at *1 (11th Cir. Oct. 2, 2015). Nor under the Rooker-Feldman doctrine may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)). "Rooker-Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Because Plaintiff, through this Section 1983 action, essentially asks this Court to invalidate his conviction by the Bibb County Superior Court, this Court lacks jurisdiction over his claims.

For these reasons, the Court should **DISMISS** Plaintiff's claims in their entirety.

## II. Eleventh Amendment Immunity

Plaintiff sues the Bibb County Superior Courts and the State Board of Pardon and Paroles. (Doc. 1, p. 1.) Additionally, it appears that he names Lisa Fountain, Homer Bryson, and Doug Williams in their official capacities. Id. However, a suit against these Defendants would be the same as a suit against the State of Georgia. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100

(1984)). A lawsuit against a state agency or employee in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting Section 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Arms or agencies of the state, such as the Superior Courts and the Department of Corrections, are therefore immune from suit. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam ) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Pugh v. Balish, 564 F. App'x 1010, 1013 (11th Cir. 2014) ("In addition, the Eleventh Amendment bars [plaintiff's] claims against the [superior court judge], since [plaintiff] is suing a state official, in federal court, for damages resulting from actions taken by the judge in his official capacity."); Stevens, 864 F.2d at 115 (Georgia Department of Corrections is barred from suit by Eleventh Amendment).

Because the State of Georgia would be the real party in interest in a suit against the agency Defendants as well as the individual Defendants in their official capacity, the Eleventh Amendment immunizes these Defendants from suit. Consequently, the Court should **DISMISS** Plaintiff's official capacity claims.

### III.     Judicial Immunity

Plaintiff claims against the Superior Court of Bibb County are also barred by judicial immunity. Congress did not abrogate the doctrine of judicial immunity when it enacted Section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their

judicial capacity unless they acted in the clear absence of all jurisdiction."); Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in Section 1983 actions). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. Plaintiff clearly complains about actions taken by Judges of the Superior Court of Bibb County in their judicial capacity, and he has failed to make a plausible claim that they acted in the clear absence of jurisdiction. Thus, the Court should **DISMISS** Plaintiff's putative Section 1983 claims against the Superior Court of Bibb County under the doctrine of judicial immunity.

**IV.      State Law**

Finally, to the extent Plaintiff seeks to invoke this Court's jurisdiction based on provisions of Georgia law, he cannot do so. This Court has jurisdiction over claims involving a federal question or those claims involving parties who are citizens of different states. See 28 U.S.C. §§ 1331 & 1332. As state law claims would not satisfy either of these jurisdictional prerequisites, Plaintiff's state law claims should be **DISMISSED**.[3]

---

[3] Even if the Court had jurisdiction over Plaintiff's federal claims, to the extent Plaintiff asserts other tort claims (such as legal malpractice) against the Defendants, those would predominate and should be asserted in state court. 28 U.S.C. § 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. See Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1562 n.3 (11th Cir. 1994). Section 1367(c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. One

## V. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

of those circumstances is when the state claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

[4] A certificate of appealablity is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that the Court **DIMISS** Plaintiff's Complaint, **CLOSE** this action, and **DENY** Plaintiff leave to appeal *in forma pauperis*. The Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* before this Court.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA